FREDERICKA HOMBERG WICKER, Judge.
 

 13This Court, sua sponte, notices, for the reasons that follow, our lack of jurisdiction of the plaintiffs’ and the defendants’ appeals in this matter because there is no valid final judgment. Accordingly, we dismiss the appeals without prejudice and remand this matter so that a proper final judgment may be rendered.
 

 The trial judge first signed an alleged judgment on October 5, 2009 that for the reasons that follow we determine was an invalid, void, and unenforceable judgment. The trial judge and the parties, however, considered that “judgment” to be a valid judgment. As a result, all of the proceedings that followed were based on an error of law. Importantly, two subsequent rulings; namely, a purported judgment of October 14, 2009 and November 30, 2009 rulings on post-trial motions, which were based on an error of law are without legal effect and are made |4moot by our dismissal of the appeals. Therefore, the parties are restored to their respective positions following the jury verdict on October 1, 2009.
 

 We are aware that a successor judge will now have to render a proper valid judgment on remand. For that reason, we point out below the confusion in this record regarding the proper named defendants in such a judgment. We also point out that the jury considered all of the causes of action that were before the court. In this case, the plaintiffs waived two causes of action/claims and struck another from its pleadings. In addition, one cause of action was dismissed following a motion for directed verdict made by the defendants.
 
 [1]
 

 Preliminarily, we note that the record and the briefs before this Court reveal numerous inconsistent references to the named defendants. In briefs before this Court, the plaintiffs refer to the defendants as: “Wilson Greatbatch, Inc. and Wilson Greatbatch, Ltd. d/b/a as Electro-chem Lithium Batteries.” On the other hand, the defendants refer to the defendants as: “Wilson Greatbatch, Technologies, Inc. and Wilson Greatbatch, Ltd. d/b/a as Electrochem Lithium Batteries.” In the caption to this appeal, we have
 
 *911
 
 included all of these names. In this opinion, we refer to the parties as “plaintiffs” and “defendants.”
 

 |
 
 ^Procedural History
 

 The Parties
 

 The plaintiffs, Input/Output, Inc. and I/O Marine Systems, Inc.,
 
 [2]
 
 filed suit against the defendants, Wilson Greatbatch Technologies, Inc., Wilson Greatbatch, Ltd. d/b/a as Electrochem Lithium Batteries, and WGL Intermediate Holdings, Inc. In essence, the plaintiffs alleged that the defendants wrongfully used the plaintiffs’ trade secrets and confidential information in order to develop a competing specialized battery for use in marine seismic equipment referred to as the “Bird.”
 

 The plaintiffs filed first and second amended petitions on July 8, 2003 and July 28, 2009, respectively. Among other things, the first amendment added ‘WGL Intermediate Holdings, Inc.” as a defendant while the second amendment added causes of action. In the prayer for the second amended petition, the plaintiffs prayed for judgment against the defendants consistent with the prayers contained in the original petition and the first amended petition. The prayer in the first amended petition, prayed for judgment against “Wilson Greatbatch Technologies, Inc., Wilson Greatbatch, Ltd. d/b/a as Electrochem Lithium Batteries, and WGL Intermediate Holdings, Inc.”
 

 On July 28, 2003, Wilson Greatbatch Technologies, Inc. and Wilson Greatbatch, Ltd. d/b/a as Electrochem Lithium Batteries filed exceptions to the first amended petition including the improper joinder of WGL Intermediate Holdings, Inc. as an additional defendant on the basis it was not a proper party. The trial judge summarily denied the exceptions.
 

 I (¡In 2007, at a motion for summary judgment hearing, the defendants’ counsel discussed discontinuing Wilson Greatbatch Technologies, Inc. as a defendant. Although the trial judge agreed, there was no judgment to that effect.
 

 Among the numerous inconsistencies noted by this Court, the record reveals the following varied references to the named defendants:
 

 (1) Wilson Greatbatch, Technologies, Inc. and Wilson Greatbatch, Ltd. d/b/a as Electrochem Lithium Batteries and its successor Electrochem Solutions, Inc.
 
 [3]
 

 (2)Wilson Greatbatch, Ltd.
 
 [4]
 

 (3) Wilson Greatbatch, Technologies, Inc. and Wilson Greatbatch, Ltd. d/b/a as Electrochem Lithium Batteries
 
 [5]
 

 
 *912
 
 (4) Wilson Greatbatch Technologies, Inc., Wilson Greatbatch, Ltd. d/b/a as Electrochem Lithium Batteries, and WGL Intermediate Holdings, Inc.
 
 [6]
 

 During opening statements, the plaintiffs’ counsel referred to his client as Dig-iCourse which was acquired by I/O and is now ION Geophysical. He referred to the defendants as “Wilson Greatbatch” or “WGL.” During opening statements, defense counsel referred to his client as “Greatbatch”. He also stated that “Great-batch” had a division called “Electrochem.” He referred to the other party as “DigiC-ourse.”
 

 At trial, the jury was given interrogatories with the following caption:
 
 “DigiCourse/ION, Inc. and I/O Marine Systems, Inc. v. Wilson Greatbatch Technologies, Inc., Wilson Greatbatch, Ltd. d/b/a as Electrochem Lithium Batteries, and WGL Intermediate Holdings, Inc.”
 
 The jury, however, was asked to answer questions regarding “plaintiffs” and “defendants” without reference to any |7named defendants. At trial, based on the agreement of the parties, the jury charges referred to the parties as “DigiCourse/ION” and “Gre-atbatch.”
 

 On the sixth day of trial, the plaintiffs’ counsel expressed concern about naming the proper defendants. He offered a stipulation that a company named Electro-chem Solutions, Inc. was a successor to William Greatbatch, Ltd. The trial judge stated that she would re-visit this matter later in the proceedings. The record does not contain any further discussion.
 

 To sum up, the confusion concerning the proper party defendants is present throughout the record and on appeal.
 

 The Verdict
 

 On October 1, 2009, the following causes of action were presented to the jury in the jury interrogatories and the jury instructions: fraud, violations of the Louisiana Uniform Trade Secrets Act and the Louisiana Unfair Trade Practices Act, negligence, and breach of contract. The jury made factual findings and ultimately concluded as follows (emphasis added):
 

 Fraud
 

 “[T]he Plaintiffs suffered] actual loss as a result of Defendants’ intentional misrepresentations.”
 

 Louisiana Uniform trade Secrets Act
 
 “[T]he Defendants [did not] obtain Plaintiffs’ trade secrets through improper means.”
 

 Louisiana Unfair Trade Practices Act
 
 “[T]he Plaintiffs sufferfed] actual damages as a result of Defendants’ violation of LUTPA [Louisiana Unfair Trade Practices Act].”
 

 Negligence
 

 “[T]he defendants fail[ed] to act as a reasonably prudent business would have acted under the circumstances.”
 

 |sThe jury answered negatively to the question: “But for the Defendants’ conduct, would the Plaintiffs have sustained damages in the absence of Defendants’ conduct?”
 

 Thus, as to liability, the jury answered affirmatively regarding the following causes of action: fraud and the Louisiana Unfair Trade Practices Act.
 

 Next, the jury was presented with a question regarding damages. The jury found that the “amount of damages ... Plaintiffs have suffered as a result of Defendants’ actions” insofar as fraud, and the
 
 *913
 
 Louisiana Unfair Trade Practices act, was $15,738,411 (“Compensation for Lost Profits”), $6,000,000 (“Compensation for Price Reductions of the Bird Batteries”), and none for “Compensation for Price Reductions on the Acoustic batteries.” (Emphasis added).
 

 After deciding these damages, the jury was presented with interrogatories regarding the cause of action for breach of contract. The jury answered affirmatively to the question: “[T]he Plaintiffs suffer[ed] damages within five years of the date that Plaintiffs disclosed information to the Defendants under the contract.”
 

 The interrogatories on the breach of contract cause of action ended with the following interrogatory (emphasis in original):
 

 Regardless of any award under Question 5 [the question regarding the amount of damages the “plaintiffs” suffered as a result of the “defendants’ ” actions with regard to the fraud, Louisiana Uniform Trade Secrets act, Louisiana Unfair Trade Practices Act, and negligence], please express in terms of dollars and cents the amount of damages, if any, which Plaintiffs have suffered as a result of Defendants breach of contract. Please
 
 limit
 
 your calculations to five years following the date that Plaintiffs last disclosed information to Defendants under the contract. This damage amount will not be added to damages awarded under Question five, if any.
 

 The jury found that the “Plaintiffs” suffered $2,500,000 in damages as “Compensation for Lost Profits” “as a result of Defendants breach of contract.” |9 (Emphasis added). The jury found no damages for breach of contract as to “Compensation for Price reductions of the Bird Batteries” and “Compensation for Price Reductions of the Acoustic batteries.” However, the jury was instructed that “[t]his damage amount will not be added to damages awarded under Question 5, if any.” Question 5 concerned the damages insofar as fraud, and the Louisiana Unfair Trade Practices act.
 

 Thereafter, the trial judge signed two alleged “judgments.”
 

 The “Judgments”
 

 The First “Judgment”
 

 On October 5, 2009, the plaintiffs filed a motion, without first providing it to opposing counsel, requesting the trial judge to accept the jury verdict and to make it the judgment of the court.
 
 [7]
 

 On October 5, 2009, the trial judge rendered the “judgment” as follows:
 

 IT IS ORDERED, ADJUDGED AND DECREED that the verdict of the jury rendered on October 1, 2009, as set forth in the jury verdict form entered into the record of this proceeding, BE AND IS HEREBY MADE the Judgment of the Court.
 

 
 *914
 
 The clerk mailed notice of the “judgment” on October 6, 2009.
 

 On October 5, 2009, the plaintiffs also filed a motion to set a hearing for determination of attorneys’ fees and costs. The plaintiffs asserted that they were entitled to these amounts in accordance with the jury verdict as to fraud and the Louisiana Unfair Trade Practices Act. And, the plaintiffs represented that all |inparties agreed to reserve to the trial court the determination of attorneys’ fees in the event they were owed based on the jury verdict.
 
 [8]
 

 The plaintiffs asked for a hearing in order to submit documentary evidence of the amounts incurred. The plaintiffs also sought that costs be taxed against the defendants. The trial judge set a hearing on November 18, 2009 on the attorneys’ fees and costs.
 

 The Second “Judgment"
 

 On October 14, 2009, the trial judge signed a second “judgment” that was submitted by the plaintiffs:
 

 This matter having been tried before a jury on September 21 through October 1, 2009, when the jury returned and rendered its verdict in favor of Plaintiffs for fraud, breach of the Louisiana Unfair Trade Practices Act and breach of contract, in the amount of $21,733,411, it is hereby
 

 ORDERED, ADJUDGED AND DECREED that judgment be entered herein in favor of Plaintiffs, Input/Output, Inc. and ION Marine Systems, Inc. and against Defendants, Wilson Greatbatch Technologies, Inc. and Wilson Great-batch, Ltd., d/b/a Electrochem Lithium Batteries in the principal amount of twenty-one million seven hundred thirty-three thousand, four hundred eleven dollars ($21,733,411), plus legal interest from the date of judicial demand, and for attorneys fees. It is further ordered that Defendants are to bear all costs of this matter.
 

 The clerk mailed the second “judgment” on October 15, 2009.
 

 Our review of the record indicates that there was no motion filed in the record seeking to have the first “judgment” amended. Furthermore, the second “judgment” did not vacate the first “judgment.”
 

 Post-Trial Motions/Appeals
 

 In While the parties filed post-trial motions, given our opinion discussed below that there is no valid judgment in this case, the motions are of no moment. The motions, the November 18, 2009 hearing, and post-trial rulings, however, point out that the parties and the trial judge proceeded under a mistake of law; namely that the October 5, 2009 “judgment” was valid.
 

 In light of that error, the plaintiffs filed a motion to “reform” the first “judgment” asserting that the second “judgment” was null because the court had already entered the first “judgment” and substantive changes could only be made through a motion for new trial or an appeal.
 
 [9]
 
 The
 
 *915
 
 plaintiffs asked the court to consider an unfiled letter to the judge as a pending motion for new trial of the first “judgment.” Furthermore, the plaintiffs submitted yet a third proposed “judgment.” The plaintiffs also filed a motion for attorneys’ fees under the Louisiana Unfair Trade Practices Act as well as for costs.
 

 The defendants challenged both “judgments” through post-trial motions for judgment notwithstanding the verdict, or alternatively for a remittitur or a new trial. They agreed that the second “judgment” was a nullity because it impermissibly made substantive changes to the first “judgment.”
 

 On November 30, 2009, the trial judge rendered a judgment denying the plaintiffs’ motion for new trial to reform the judgment. The trial judge declared the second “judgment” to be a nullity. She denied the plaintiffs’ motion for attorneys’ fees and costs as moot. She denied the defendants’ post-trial motions as to the first “judgment.” She denied defendants’ post-trial motions as to the second “judgment” as moot. At the hearing, she explained that she thought the only proper ruling in the case was to deny the plaintiffs’ motion because the only remedy to correct an error of substance was a timely motion for new trial or a [ ^timely appeal. Accordingly, having evidently found that there was no proper motion for new trial filed, she denied the motion to reform the first “judgment.”
 

 The clerk mailed the judgment to the parties on December 1, 2009.
 

 On December 1, 2009, the plaintiffs filed a motion for devolutive appeal seeking to appeal from the October 5, 2009 “judgment” and the judgment of November 30, 2009.
 

 On December 4, 2009, the defendants filed a motion for suspensive appeal from the “final judgment” of October 5, 2009.
 

 Analysis
 

 After a trial by jury, La.C.C.P. art. 1916(A) requires a “judgment” as follows:
 

 After a trial by jury, the court shall prepare and sign a judgment in accordance with the verdict of the jury within ten days of the rendition of the verdict, or the court may order counsel for a party in the case to prepare and submit a judgment to the court for signature within ten days of the rendition of the verdict, in accordance with the rules for Louisiana district courts.
 

 “A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled.” La.C.C.P. art. 1841. This court cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment.
 
 Creighton, Richards & Higdon, L.L.C. v. Richards Clearview, L.L.C.,
 
 09-247, pp. 3-4 (La.App. 5 Cir. 10/29/09), 28 So.3d 391, 393 (citations omitted). “A final judgment shall be identified as such by appropriate language.” La.C.C.P. art. 1918.
 

 A valid judgment must be precise, definite and certain.
 
 Blanke v. Duffy,
 
 05-829, p. 2 (La.App. 5 Cir. 3/28/06), 927 So.2d 540, 541 (citation omitted).
 
 See also: Scott v. State,
 
 525 So.2d 689 (La.App. 1 Cir.1988),
 
 writ denied,
 
 558 So.2d 1128 (La.1990) (citations omitted);
 
 [10]
 

 Johnson v.
 
 
 *916
 

 Mount Pilgrim Baptist Church,
 
 05-0337, pp. 2-3 (La.App. 1 Cir. 3/24/06), 934 So.2d 66, 67 (citations omitted). The decree alone indicates the decision.
 
 Falterman v. Prestenbach,
 
 6 La.App. 563, 1927 WL 3549, *1 (La.App. 1 Cir.1927). The result decreed must be spelled out in lucid, unmistakable language.
 
 South St. Lumber Co. v. Dickerson,
 
 235 La. 1062, 106 So.2d 513, 515 (La.1958). The quality of definiteness is essential to a proper judgment.
 
 Russo v. Fidelity & Deposit Co.,
 
 129 La. 554, 56 So. 506, 508 (La.1911).
 

 A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.
 
 Johnson, supra,
 
 0337 at 3, 934 So.2d at 67.
 
 Accord: Blanke, supra.
 
 The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment.
 
 Vanderbrook v. Coachmen Industries, Inc.,
 
 01-0809, pp. 11-12 (La.App. 1 Cir. 5/10/02), 818 So.2d 906, 913. Additionally, the failure to name any defendant against whom the judgment was rendered in a case with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom the judgment may be enforced.
 
 BorgWarner Acceptance Corp. Through BorgWarner Leasing v. Whitlow Truck Center, Inc.,
 
 508 So.2d 857, 859 (La.App. 5 Cir.1987).
 

 The first “judgment” does not contain decretal language, name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. The specific nature and amount of damages 114are not determinable from the alleged “judgment” without reference to an extrinsic source.
 

 We hold that the “judgment” in the present case is fatally defective and for that reason, there is no judgment in the case.
 

 In briefs before this Court the plaintiffs raise the same argument raised below concerning the motion to reform the first “judgment.” In addition, they ask this Court to dismiss the appeals from the first “judgment” and to recognize the second “judgment” as valid, subject to remand for the computation of costs, fees and interest. On the other hand, the defendants, in brief to this Court, ask that we reject the plaintiffs’ request to view the second “judgment” as valid. Alternatively, should the second “judgment” be “resurrected,” the defendants request a remand in order to perfect an appeal. Finally, the defendants request in the alternative that this Court decide the merits issues raised by both sides, and render a judgment that is just and proper on the record.
 

 In the similar case of
 
 Fournet v. Smith,
 
 06-1075 (La.App. 1 Cir. 5/4/07), 2007 WL 1300943 (unpublished) the First Circuit dismissed the appeal and the answer to the appeal because the record did not contain a valid, final judgment and the court lacked appellate jurisdiction. Instead, the jury answered interrogatories making factual findings and assessment of damages. The trial judge incorporated the jury verdict into its judgment and ordered, adjudged, and decreed that the verdict be made the judgment of the court. The First Circuit concluded that the judgment was invalid because it did not identify the defendants who were cast in judgment nor did it order any of the defendants to make a payment of money to the plaintiff. The
 
 *917
 
 court also concluded that denial of a motion for new trial was a non-appealable interlocutory judgment. Although the court may consider such |, ¡judgments as part of an unrestricted appeal from a final judgment, the judgment in that case lacked finality. 2007 WL 1300943, *1-3.
 

 The
 
 Foumet
 
 court also pointed out that only judgments are made executory in Louisiana courts.
 
 See:
 
 La.C.C.P. art. 2781 et. seq. 2007 WL 1300943, *2, n. 2.
 

 In the instant case, the plaintiffs appealed the alleged October 5, 2009 “judgment” and the trial judge’s November 30, 2009 post-trial rulings denying its motion to reform the October 5, 2009 alleged “judgment” and the trial judge’s recognizing the October 14, 2009 judgment to be a nullity. That recognition was based on the parties’ and the trial judge’s erroneous belief that the October 5, 2009 alleged “judgment” was valid and no substantive change could be made absent a timely motion for new trial or appeal. In recognizing the nullity, the trial judge was recognizing the validity of the first “judgment.”
 

 As in
 
 Foumet,
 
 the October 5, 2009 “judgment” is not a final valid judgment. Also, the post-trial rulings denying the motion to reform the alleged judgment on the basis it was a nullity are interlocutory and are not part of an unrestricted appeal from a valid final judgment.
 
 [11]
 
 As in
 
 Four-net,
 
 we decline to consider the interlocutory rulings. Moreover, the parties filed post-trial proceedings based on an invalid judgment. Because those proceedings are based on an error of law, we find them without legal effect.
 
 Compare: Wadsworth v. Alexius,
 
 234 La. 187, 99 So.2d 77, 80 (1958) (All proceedings conducted under the authority of an invalid judgment were void.).
 

 Therefore, we dismiss all appeals presently before this court.
 
 [12]
 

 11fiConclusion
 

 Since this court lacks jurisdiction in the absence of a final appealable judgment, these appeals are dismissed. Once a valid final judgment has been signed, new appeals may be filed. We hereby reserve to any party the right to request that this case be placed on the first available docket once the record of the new appeal is lodged and briefs are filed.
 

 APPEALS DISMISSED WITHOUT PREJUDICE; REMANDED.
 

 [1]
 

 . Among its claims, the plaintiffs alleged breach of fiduciary duty, unjust enrichment, and conversion. In addition, the plaintiffs sought injunctive relief but never set a hearing for that remedy. At trial, plaintiffs' counsel struck the claim for injunctive relief. Prior to trial, counsel waived the claims of conversion and unjust enrichment to the extent that the waiver did not prejudice any of the plaintiffs’ remaining claims (see August 26, 2009 motion for summary judgment hearing and September 21, 2009 judgment, the plaintiffs’ September 30, 2009 proposed jury interrogatories and revised proposed special jury instructions). After the plaintiffs rested their case, the defendants moved, among other things, to dismiss the fiduciaiy duty claim. The plaintiffs' counsel objected. The trial judge deferred ruling pending mem-oranda. There was no express ruling in the record on the motion to dismiss the fiduciary duty claim. However, later, during the jury charge conference, the plaintiffs' counsel stated that he inadvertently placed a breach of fiduciary duty in the jury interrogatories. He said he drew a line through it and said that the trial judge had dismissed that claim. The trial court said: "Okay.” Thus, the trial judge dismissed the fiduciary duty claim.
 

 [2]
 

 .According to the plaintiffs’ statement in their brief, in 1998 DigiCourse, Inc. was a wholly-owned subsidiary of Laitram Corp. in Harahan, Louisiana. In 1998, DigiCourse was acquired by Input/Output, Inc. In 2007, Input/Output changed its name to ION Geophysical Corporation. DigiCourse is now known as ION. Also, according to the plaintiffs, Wilson Greatbatch, Inc.'is the successor to Wilson Greatbatch Ltd., which did business as Electrochem Lithium Batteries. The parent Greatbatch, Inc. and related and subsidiary companies, including defendants Elec-trochem Solutions Inc., Wilson Greatbatch Technologies Incorporated and WGL Intermediate Holdings Incorporated are located in Clarence, New York.
 

 [3]
 

 .
 
 See:
 
 the latest pretrial order filed on August 25, 2009, which purports to be jointly filed but only contains the signature of the plaintiffs.
 

 [4]
 

 .
 
 See:
 
 the amended joint pretrial order on February 23, 2009 signed by the parties.
 

 [5]
 

 . See the following: the defendants’ amended pretrial order inserts; the defendants’ opposition to the plaintiffs’ special jury instructions filed on September 21, 2009; the defendants' October 1, 2009 proposed jury interrogatories.
 

 [6]
 

 . See the following: the January 31, 2007 pretrial order; the caption on the jury interrogatories given to the jury at trial; the defendants’ September 21, 2009 proposed special jury instructions.
 

 [7]
 

 . La.C.C.P. art. 1916(A) provides (emphasis added):
 

 After a trial by jury, the court shall prepare and sign a judgment in accordance with the verdict of the jury within ten days of the rendition of the verdict, or the court may order counsel for a party in the case to prepare and submit a judgment to the court for signature within ten days of the rendition of the verdict, in accordance with the rules for Louisiana district courts.
 

 Rules for Civil Proceedings in District Courts, Rule 9.5 requires the attorney to circulate the proposed judgment to counsel for all parties and allow at least three working days for comment before presentation to the court. Also, "[wjhen submitted, the proposed judgment, order, or ruling shall be accompanied by a certificate regarding the date of mailing, hand delivery, or other method of delivery of the document to other counsel of record and to unrepresented parties, stating whether any opposition was received.”
 

 [8]
 

 . Before opening arguments, the plaintiffs' counsel pointed out that the plaintiffs had a claim for attorneys' fees. He suggested that it would be appropriate to first determine whether the jury would grant an award for "that cause of action.” And, if so they would submit attorneys’ fees to the trial court after the trial. The trial judge agreed to determine the issue of attorneys' fees after a favorable verdict.
 

 [9]
 

 .
 
 See: Bourgeois v. Kost,
 
 02-2785, p. 5 (La.5/20/03), 846 So.2d 692, 695 ("The proper recourse for an error of substance within a judgment is a timely application for new trial or a timely appeal.''). "Courts have uniformly held substantive amendments to judgments
 
 *915
 
 made without recourse to the proper procedures, i.e. by way of a timely motion for a new trial or by appeal, to be absolute nullities.”
 
 Id.
 

 [10]
 

 . In
 
 Blanks
 
 v.
 
 Duffy,
 
 05-829, p. 2 (La.App. 5 Cir. 3/28/06), 927 So.2d 540, 541, the record contained only the reasons for judgment, and not the judgment itself. Thus, there was no proper judgment. In addition, the alleged judgment — an alleged partial judgment—
 
 *916
 
 would not be final for purposes of immediate appeal. Therefore, the court dismissed the appeal and remanded for further proceedings. 05-829 at 3-4, 927 So.2d at 541-42.
 

 [11]
 

 . When an unrestricted appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the correctness of the final judgment from which the party has taken the appeal.
 
 Sporl
 
 v.
 
 Sporl,
 
 00-1321 (La.App. 5 Cir. 5/30/01), 788 So.2d 682, 683-84,
 
 writ denied,
 
 01-1926 (La.10/12/01), 799 So.2d 506 (Citation omitted).
 

 [12]
 

 . In
 
 Whitlow Truck Center,
 
 this court did not dismiss the appeal. Rather, it amended the judgment to include the name of the defendant cast in judgment.
 
 Borg-Warner Acceptance Corp. Through Borg-Warner Leasing v. Whitlow Truck Center, Inc.,
 
 508 So.2d 857, 859 (La.App. 5 Cir. 1987). That case is distinguishable. In
 
 Whitlow Truck Center,
 
 the judgment was not otherwise fatally defective as in the instant case.