WICKER, J.,
concurs with reasons.
hi concur with the majority’s opinion that appellant’s appeal must be dismissed. However, I respectfully disagree that the appeal was filed too late. In my opinion, the appeal is premature. As I see it, the judgment appealed is fatally defective because it fails to comport with the requirements set forth in La. C.C.P. art. 3605. Ormond Country Club v. Dorvin Developments, Inc., 498 So.2d 144, 148 (La.App. 5 Cir.1986). A fatally flawed judgment is void, that is, no judgment. Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Technologies, Inc., 10-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 916. Because the “judgment” appealed from here is void, appeal delays did not run and this Court’s jurisdiction did not attach. Id. Because it is my opinion that the judgment complained of here is void, I would vacate the judgment and remand the matter to the district court for further proceedings. In my opinion, appeal delays would run from the rendering of a judgment which comports with the requirements of La. C.C.P. art. 3605.
La. C.C.P. art. 3605[1] requires a judgment granting a preliminary injunction describe in reasonable detail, and not by mere reference to the petition or other *1132 documents, the act or acts sought to be restrained. Ormond Country Club, supra, at 148. In my opinion, the judgment at issue is defective because it is devoid of any description of the conduct sought to be enjoined as required by La. C.C.P. art. 3605. A judgment that does not describe the act or acts being enjoined is invalid as an injunction and void. Id. This Court, in Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Technologies, Inc., held that a fatally defective judgment is void and effectively results in “no judgment” having been rendered. Input/Output Marine Sys., Inc., supra, at 916. This Court cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. Creighton, Richards & Higdon, L.L.C. v. Richards Clearview, L.L.C., 09-247, pp. 3-4 (La. App. 5 Cir. 10/29/09), 28 So.3d 391, 393 (citations omitted).
Because this Court lacks jurisdiction in the absence of a valid judgment, this appeal should be dismissed. However, in dismissing this appeal, I would remand the matter to the trial court, reserving unto the parties the right to file a new appeal after a valid judgment has been rendered. See Input/Output Marine Sys., Inc., supra, at 916.

. La. C.C.P. art. 3605 provides: