NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-42

VERA BERNARD

VERSUS

ACE PROPERTY AND
CASUALTY INSURANCE
COMPANY, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20120698, DIV. L
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

**********

MARC T. AMY

JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and Billy H. Ezell, Judges.

APPEAL DISMISSED WITHOUT PREJUDICE.
REMANDED WITH INSTRUCTIONS.

Lawrence Blake Jones
David C. Whitmore
701 Poydras Street, Suite 4100
New Orleans, Louisiana 70139
Counsel for Plaintiff/Appellant:
        Vera Bernard


Steven B. Whitman
209 Highway 22 West, Suite G
Madisonville, Louisiana 70447
Counsel for Defendant/Appellant:
        Stanley Access Technologies, LLC

**AMY, Judge.**

This court issued a rule ordering Appellant, Vera Bernard, to show cause, by brief only, why her appeal should not be dismissed for having been taken from a judgment lacking proper decretal language because this "judgment is sufficiently unclear so as to render this matter improperly before us on review." *See State v. White*, 05-718, p. 2 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146. For the reasons that follow, we dismiss the devolutive appeal.

## FACTS AND PROCEDURAL HISTORY

Vera Bernard (Plaintiff), filed suit against Ace Property and Casualty Insurance Company (Ace); Lafayette City-Parish Consolidated Government; Lafayette Airport Commission; and Boon Edam, Inc. (Defendants), for damages for injuries allegedly occurring on or about February 18, 2011, when Plaintiff was exiting the Lafayette Regional Airport through a turnstile that she alleges was malfunctioning. Plaintiff's claims against Lafayette City-Parish Government were voluntarily dismissed without prejudice. Boon Edam, Inc. was also voluntarily dismissed with prejudice from the lawsuit after reaching a settlement with Plaintiff.

Plaintiff filed an amended petition to add Mikor Company, LLC (Mikor), and Stanley Access Technologies, LLC, incorrectly referred to as Stanley Security Solutions, Inc. (Stanley), as defendants. Mikor filed a cross-claim against Stanley and their insurer, Hartford Fire Insurance Company (Hartford). Mikor later dismissed its cross-claim against Hartford without prejudice. Then, Plaintiff voluntarily dismissed Lafayette Airport Commission, Ace, Mikor, and Valley Forge Insurance Company as defendants when a compromise agreement was reached with those parties.

That left Stanley as the only defendant. Stanley filed a motion for summary judgment seeking the dismissal of Plaintiff's claims against it based on the

assertion that Stanley provided no service prior to the alleged accident that could have affected the operation of the turnstile in question. The motion came for hearing on August 28, 2017. The trial court granted the motion for summary judgment in open court. A written judgment dismissing all of Plaintiff's claims against Stanley was signed on September 8, 2017. The written judgment made no mention of the disposition of the motion for summary.

On October 31, 2017, Plaintiff filed a motion for devolutive appeal. The order of appeal was signed on November 7, 2017. In due course, the record was lodged in this court. When the record was lodged in this court, a rule was issued ordering Plaintiff to show cause why the appeal should not be dismissed for the above-stated reason. Plaintiff timely filed her brief in response to the rule and agreed that the September 8, 2017 judgment lacks proper decretal language.

## DISCUSSION

In *Landry v. Usie*, 17-839, p. 3 (La.App. 3 Cir. 10/18/17), 229 So.3d 1012, 1014, this court cited *Board of Supervisors of Louisiana State University & Agricultural & Mechanical College v. Mid City Holdings, L.L.C.*, 14-506, pp. 2-3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910, with approval as follows:

> We cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. *See Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc.*, 10-477, p. 12 (La.App. 5 Cir. 10/29/10); 52 So.3d 909, 915. "A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled." La. C.C.P. art. 1841. "A valid judgment must be precise, definite and certain.... The decree alone indicates the decision.... The result decreed must be spelled out in lucid, unmistakable language..... The quality of definiteness is essential to a proper judgment." *Input/Output Marine*, 10-477, pp. 12-13; 52 So.3d at 915-16 (citations omitted).
>
> … "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Input/Output Marine*, 10-477, p. 13; 52 So.3d at 916.

2

The trial court's judgment indicates that the matter came for hearing on Stanley's motion for summary judgment and dismisses all of Plaintiff's claims against Stanley with prejudice. The judgment, however, does not indicate the disposition of the motion for summary judgment.

In her brief to this court, Plaintiff agrees that this judgment lacks proper decretal language. Plaintiff asks this court to dismiss this devolutive appeal and remand the matter to the trial court for entry of a judgment containing proper decretal language pursuant to *Simple Enterprises, Inc. v. Texas Property, LLC*, 17-222 (La.App. 3 Cir. 11/2/17) (an unpublished opinion). Plaintiff's counsel certified that he contacted counsel for Stanley and that Stanley "join[s] in the request that the record be retained in this court to allow the parties to supplement the record with [an] amended judgment."

## DECREE

For all the reasons given herein, this court lacks jurisdiction to consider the merits of Plaintiff's appeal because it is taken from a judgment that lacks proper decretal language. We dismiss this appeal without prejudice and remand the matter to the trial court for the signing of a judgment which sets forth both the ruling on the motion for summary judgment filed by Defendant, Stanley Access Technologies, LLC, and the ruling on the dismissal of Plaintiff's claims against Stanley. The trial court is instructed that a judgment shall be rendered within thirty days of the issuance of this opinion, i.e., April 3, 2018. According to *Simple Enterprises, Inc.*, 17-222, p.1, this record will "remain lodged in this court and the final judgment on remand may be added to supplement this record."

**APPEAL DISMISSED WITHOUT PREJUDICE.**
**REMANDED WITH INSTRUCTIONS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.

3