NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 18-355

TERRY GOTCH

VERSUS

SCOOBY'S ASAP TOWING, LLC, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20140495
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

JOHN D. SAUNDERS

JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and Candyce G. Perret, Judges.

APPEAL DISMISSED WITHOUT PREJUDICE.
REMANDED WITH INSTRUCTIONS.

Lawrence Joseph Centola, Jr.
Blake Jones Law Firm
701 Poydras Street, Suite 4100
New Orleans, LA 70139
(504) 525-4361
COUNSEL FOR PLAINTIFF/APPELLANT:
    Terry Gotch

**Nicole M. Boyer**
**Ryan M. Malone**
**Duplass, Zwain, Bourgeois, Pfister, Weinstock & Bogart**
**3838 North Causeway Boulevard, Suite 2900**
**Metairie, LA 70002**
**(504) 832-3700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Scooby's ASAP Towing, LLC**

**SAUNDERS, Judge.**

This court issued a rule ordering Appellant, Terry Gotch, to show cause, by brief only, why his appeal should not be dismissed for having been taken from a judgment lacking proper decretal language. *Input/Output Marine Sys., Inc. v. Wilson Greatbatch Techs., Inc.*, 10-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909; *see also Mouton v. AAA Cooper Transp.*, 17-666, 17-667 (La.App. 3 Cir. 1/10/18), 237 So.3d 594. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

Terry Gotch (Plaintiff), filed suit against Scooby's ASAP Towing, LLC; John Doe; and ABC Insurance, for injuries sustained as the result of a vehicular accident on or about February 8, 2013. Plaintiff alleges that Joseph DeRousselle, an employee of Scooby's ASAP Towing, LLC (Defendant), backed out of a private driveway causing Alydia Menard, the driver of the vehicle in which Plaintiff was a passenger, to make an evasive maneuver to avoid a collision. Menard's vehicle subsequently left the road and struck a ditch.

Following a jury trial, the jury ruled in favor of Defendant, finding that its employee, Joseph DeRousselle, was not negligent in causing the accident forming the basis of Plaintiff's lawsuit. After the jury was excused, Plaintiff orally moved for a mistrial which was denied following a hearing on a September 18, 2017. A written judgment adopting the findings of the jury—"[t]hat, by a preponderance of the evidence, Scooby's ASAP Towing, LLC, through the actions of its employee, Joseph DeRousselle, was not negligent in regard to the February 6, 2013 accident"—was signed on October 9, 2017.

On October 23, 2017, Plaintiff filed a Motion and Order for Devolutive appeal. The order of appeal was signed on October 30, 2017. In due course, the record was lodged in this court. When the record was lodged in this court, a rule was issued ordering Plaintiff to show cause why the appeal should not be dismissed for the

above-stated reason. Plaintiff timely filed his brief in response to the rule and agreed that the October 9, 2017 judgment lacks proper decretal language.

## DISCUSSION

In *Landry v. Usie*, 17-839, p. 3 (La.App. 3 Cir. 10/18/17), 229 So.3d 1012, 1014, this court cited *Board of Supervisors of Louisiana State University & Agricultural & Mechanical College v. Mid City Holdings, L.L.C.*, 14-506, pp. 2-3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910, with approval as follows:

> We cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. *See Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc.*, 10-477, p. 12 (La.App. 5 Cir. 10/29/10); 52 So.3d 909, 915. "A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled." La. C.C.P. art. 1841. "A valid judgment must be precise, definite and certain.... The decree alone indicates the decision.... The result decreed must be spelled out in lucid, unmistakable language..... The quality of definiteness is essential to a proper judgment." *Input/Output Marine*, 10-477, pp. 12-13; 52 So.3d at 915-16 (citations omitted).
>
> … "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Input/Output Marine*, 10-477, p. 13; 52 So.3d at 916.

The trial court's judgment indicates that a jury ruled in favor of Defendant, finding that its employee, Joseph DeRousselle, was not negligent in causing the accident forming the basis of the lawsuit. The judgment also reflects that Plaintiff's motion for mistrial was denied following a hearing. The judgment, however, does not indicate the disposition of the matter.

In his brief to this court, Plaintiff agrees that this judgment lacks proper decretal language. Plaintiff asks this court to dismiss this devolutive appeal and remand the matter to the trial court for entry of a judgment containing proper decretal language pursuant to *Simple Enterprises, Inc. v. Texas Property, LLC*, 17-222 (La.App. 3 Cir. 11/2/17) (an unpublished opinion). Plaintiff's counsel certified that he contacted counsel for Defendant, and Defendant "join[s] in the request that the record be

2

retained in this Court to allow the parties to supplement the record with [an] amended judgment, and that a new briefing schedule be set thereafter."

## **DECREE**

For all the reasons given herein, this court lacks jurisdiction to consider the merits of Plaintiff's appeal because it is taken from a judgment that lacks proper decretal language. We dismiss this appeal without prejudice and remand the matter to the trial court for the signing of a judgment which sets forth both the ruling on Defendant's lack of negligence through the actions of its employee in causing the accident and the disposition of Plaintiff's claims in the matter. The trial court is instructed that a judgment shall be rendered within thirty days of the issuance of this opinion, i.e., July 6, 2018. According to *Simple Enterprises, Inc*., 17-222, p.1, this record will "remain lodged in this court and the final judgment on remand may be added to supplement this record."

**APPEAL DISMISSED WITHOUT PREJUDICE.**
**REMANDED WITH INSTRUCTIONS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.