LILJEBERG, J.
Appellant, Judith Smith, on behalf of the minor child, Jordan Joseph Smith, appeals a ruling by the trial court, which she contends dismissed a petition to establish paternity she filed on behalf of the minor child. For reasons set forth more fully below, we lack appellate jurisdiction due to the absence of a final appealable judgment and must dismiss this appeal without prejudice.
On July 15, 2015, appellant, Judith Smith, filed a Petition to Establish Paternity and/or Filiation on behalf of the minor child, Jordan Joseph Smith. In the petition, appellant seeks to confirm paternity and establish filiation of the minor child to his alleged father, Raymond Francois, Jr., *1282 who died on September 14, 2014. The matter was set for hearing on two occasions but then continued without date. On May 12, 2016, appellant filed a Motion and Incorporated Memorandum In Support for Scientific Paternity Testing. In the motion, appellant stated for the first time that the alleged father of the minor child is "Raymond Francois, Sr." and requested entry of an order to obtain biological samples from, Raymond Francois, Jr., the decedent's legitimate child and alleged half-brother of the minor child. The motion for paternity testing was originally set before the hearing officer on June 21, 2016, and continued on two occasions to September 9, 2016, and then March 9, 2017.[1] The record indicates that, on March 9, 2017, the hearing officer denied appellant's motion for paternity testing. Appellant did not file an objection to the hearing officer's denial.
On September 19, 2017, appellant filed a Motion and Incorporated Memorandum In Support To Reset Hearing On Previously Filed Motion For Scientific Paternity Testing And Filing of Objection by Plaintiff. On September 21, 2017, the lower court denied the motion to reset the hearing on the motion for paternity testing previously denied by the hearing officer and further noted that appellant's objection to the hearing officer's denial was untimely.
On November 16, 2017, appellant filed a motion and order for devolutive appeal seeking review of a judgment "signed on September 19, 2017 dismissing the matter." The trial court granted the order of appeal on November 21, 2017. Appellant contends the judgment at issue is a final appealable judgment because it disposed of the entirety of her case. First, we note the district court did not enter a judgment on September 19, 2017, and we further note that the record does not contain a judgment dismissing the Petition to Establish Paternity and/or Filiation originally filed by appellant. This petition is still pending. We can only assume appellant intends to appeal the ruling entered by the lower court on September 21, 2017, denying appellant's request to reset the hearing on her previously filed motion for paternity testing and further denying her attempt to submit an untimely objection to the hearing officer's prior denial of this motion on March 9, 2017.
Before considering the merits in any appeal, appellate courts have the duty to determine sua sponte whether subject matter jurisdiction exists, even when the parties do not raise the issue. Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc. , 10-477 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 910. This Court cannot determine the merits of an appeal unless our appellate court jurisdiction is properly invoked by a valid final judgment. Id. at 915.
Only final judgments and interlocutory judgments expressly provided by law are appealable. La. C.C.P. art. 2083. A judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841. The ruling at issue in this case, which denies a request to reset a motion for paternity testing no longer pending before the district and declines to consider an untimely objection to that ruling, does not determine the merits of the case in whole or in part and is not an interlocutory judgment appealable by law.
DECREE
Based on the foregoing, we find this Court lacks appellate jurisdiction over this matter. We dismiss the appeal filed by *1283 appellant without prejudice and remand this matter to the trial court for further proceedings.
APPEAL DISMISSED WITHOUT PREJUDICE AND REMANDED

In his second motion to reset the hearing on the motion for paternity testing filed on January 26, 2017, appellant added a request for biological samples from Raynard Alexander Francois, also alleged to be the decedent's legitimate child and half-brother of the minor child.