PAMELA MCLELLAN AND WOODROW MULKEY

VERSUS

MICHAEL YENNI, ET AL

NO. 19-CA-169

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 784-067, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

September 18, 2019

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Hans J. Liljeberg

**APPEAL DISMISSED; REMANDED**

 **MEJ**
 **RAC**
 **HJL**

COUNSEL FOR PLAINTIFF/APPELLANT,
PAMELA MCLELLAN AND WOODROW MULKEY
Nicholas A. Holton

COUNSEL FOR DEFENDANT/APPELLEE,
MICHAEL YENNI, INDIVIDUALLY AND AS TEMPORARY
REPRESENTATIVE OF THE PARISH OF JEFFERSON, KENNETH
KROBERT, AIMEE VALLOT, CATHERINE TOPPEL, BRIAN KENNEDY,
EDGAR LANGE, AND JASON MANNING
Guice A. Giambrone, III
Jacob K. Best

**JOHNSON, J.**

Appellants appeal from a judgment of the trial court that sustained Defendants' exception of prescription as to Plaintiff, Pamela McLellan's, claims and sustained Defendants' exception of no cause of action as to all Defendants, except Defendant Edgar Lange.[1]  We find the judgment at issue is not a valid and final judgment; therefore, we lack appellate jurisdiction to consider the merits of this appeal.

*FACTS & PROCEDURAL HISTORY*

On May 22, 2018, Plaintiffs, Pamela McLellan and Woodrow Mulkey, filed a Petition for Damages for Malicious Prosecution, Civil Conspiracy and Abuse of Rights against multiple defendants – Michael Yenni, individually and as Jefferson Parish President; Kenneth Krobert, an attorney for Jefferson Parish; Aimee Vallot, Director of Code Enforcement for Jefferson Parish; Catherine Toppel, Director of Property Maintenance and Quality of Life for Jefferson Parish; Brian Kennedy, Assistant Director of Property Maintenance and Quality of Life for Jefferson Parish; Edgar Lange, a Jefferson Parish Code Enforcement Officer; and Jason Manning, also a Jefferson Parish Code Enforcement Officer.

In their petition, Plaintiffs alleged that Ms. McLellan had made an anonymous complaint to the Jefferson Parish Department of Code Enforcement against Plaintiffs' neighbor, Thomas Centanni, for performing heavy industrial work in his backyard at night.  Ms. McLellan complained that Mr. Centanni was a nuisance and was improperly using his residential property for commercial purposes.  Ms. McLellan asserted that after her anonymous complaint, Defendant

---

[1] Defendant Edgar Lange is also referred to as Edgar Lane in the record.  For purposes of consistency, we will refer to him as Mr. Lange, which is the name that appears in the case caption.

Brian Kennedy maliciously prosecuted her by wrongfully naming her as a defendant in the subsequent citation issued by the Parish in connection with her complaint. Ms. McLellan alleged that as a result of being identified, Mr. Centanni began to harass her.[2] She further averred Mr. Kennedy had no probable cause to charge her, acted with malice for the purpose of harassing her, and abused the process by naming her as a defendant in the citation.

The petition also asserted that Defendants conspired to take harmful actions against Plaintiffs, including conducting a "selective inspection" of Mr. Centanni's home in order to show no code violations, having Parish employees clean Mr. Centanni's yard to prevent him from being cited for violations, and targeting Mr. Mulkey's residence for possible violations. It further alleged Mr. Mulkey's right to privacy was invaded when Defendant Jason Manning knocked on Mr. Mulkey's door and asked if he could enter the home to inspect it for possible code violations.

The petition additionally recounted an incident between Mr. Mulkey and Defendant Edgar Lange, which resulted in Mr. Mulkey being cited with a criminal misdemeanor – interfering with a code enforcement officer. The charge was ultimately dropped. Mr. Mulkey alleged that Defendant Lange abused the process by knowingly filing a false police report and maliciously prosecuted him to inhibit him from complaining about Mr. Centanni.

Defendants responded to the petition by filing exceptions of prescription and no cause of action. Defendants maintained Plaintiffs' claims were prescribed because the petition was filed more than one year after Plaintiffs had knowledge that Ms. McLellan was identified as a defendant in the code enforcement case relating to Mr. Centanni. Specifically, Defendants claimed Ms. McLellan was aware by May 16, 2017 that she was named in the citation at issue and Mr. Mulkey was aware by May 18, 2017, but Plaintiffs did not file their petition until May 22,

---

[2] Mr. Centanni is not a defendant in this lawsuit.

2018. Defendants also asserted there was no cause of action against them because of the statutory immunity provided by La. R.S. 9:2798.1.

A hearing on the exceptions was held on December 10, 2018. The hearing consisted solely of the argument of counsel. No evidence was offered by either party. At the conclusion of the hearing, the trial court sustained the exception of prescription as to Ms. McLellan and denied the exception of no cause of action. However, the trial court then went on to state, "what I will do . . . I don't believe there's been any evidence to suggest anything about Mr. Yenni or the other parties. I'll dismiss them from the lawsuit. . . . But as for Mr. Lane [sic], he will remain." Thereafter, on December 19, 2018, the trial court signed a written judgment, expressly sustaining Defendants' exception of prescription as to Ms. McLellan's claims and sustaining Defendants' exception of no cause of action "as to all Defendants except Edgar Lane [sic]."[3] Plaintiffs appeal from this judgment.

*JURISDICTION*

Before considering the merits of any appeal, appellate courts have the duty to determine *sua sponte* whether subject matter jurisdiction exists, even when the parties do not raise the issue. *Input/Output Marine Sys. V. Wilson Greatbatch Techs., Inc.*, 10-477 (La. App. 5 Cir. 10/29/10); 52 So.3d 909, 915. We cannot reach the merits of an appeal unless our appellate jurisdiction has been properly invoked by a valid and final judgment. *Dieudonne Enterprises, Inc. v. Slade*, 18-375 (La. App. 5 Cir. 12/27/18); 263 So.3d 1214, 1217.

A final judgment determines the merits of a case in whole or in part. La. C.C.P. art. 1841. "The Code provisions on the form of a judgment are sketchy." *Moulton v. Stewart Enterprises, Inc.*, 17-243 (La. App. 4 Cir. 8/3/17); 226 So.3d 569, 572, quoting 1 Frank L. Maraist, *La. Civ. L. Treatise, Civil Procedure* § 12:2

---

[3] When there are any discrepancies between the oral ruling of the trial court and the written judgment, the written judgment prevails. *Cryer v. Cryer*, 96-2741 (La. App. 1 Cir. 12/29/97); 706 So.2d 167, 169 n1, citing *Hebert v. Hebert,* 351 So.2d 1199, 1200 (La. 1977).

19-CA-169                                3

(2d ed. 2016).  "In Louisiana, the form and wording of judgments is not sacramental."  *Moulton*, quoting Revision Comment (a) to La. C.C.P. art. 1918. However, in order for a judgment to be valid it must be precise, definite and certain.  *Input/Output*, *supra*.  Additionally, a valid final judgment must contain decretal language – it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.  The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment. The decree alone indicates the decision and the result decreed must be spelled out in lucid, unmistakable language.  *Id*. at 916.

Applying these principles, we find that the trial court's judgment fails to satisfy the jurisprudential requirements for a valid final judgment.  The judgment at issue states:

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, Defendants' Peremptory Exception of Prescription is **GRANTED** as to the claims of Plaintiff Pamela McLellan.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, Defendants' Exception of No Cause of Action is **GRANTED IN PART and DENIED IN PART**.  The Exception of No Cause of Action is **GRANTED** as to all Defendants except Edgar Lane [sic] and **DENIED** as to Defendant Edgar Lane.

Although the judgment states the no cause of action is granted in part and denied in part, the judgment fails to state the relief granted and, thus lacks the necessary definitive decretal language.

Under La. C.C.P. art. 934, when the grounds of the objection pleaded by a peremptory exception can be removed by amending the petition, the judgment "shall order such amendment."  Where the grounds of the objection cannot be removed by amendment, the action or claim "shall be dismissed."  A judgment maintaining an exception of no cause of action is not final unless it unconditionally dismisses the suit.  *Oster v. Oster*, 563

So.2d 490, 491 (La. App. 4th Cir. 1990), *writ denied*, 568 So.2d 1059 (La. 1990).

In this case, the judgment fails to indicate that Plaintiffs' claims were dismissed or whether Plaintiffs were allowed to amend their petition. Although the transcript of the December 10, 2018 hearing on the exceptions suggests that the trial court intended to dismiss all Defendants, except for Mr. Lange, from the lawsuit, such relief was not granted in the written judgment. As stated above, any determination of the rights of the parties and the merits of the case must be evident from the language of the judgment without reference to other documents in the record. *Input/Output*, 52 So.3d at 916.

Additionally, the judgment creates ambiguity in identifying which claims of which Plaintiff fail to state a cause of action. In the petition, there are two plaintiffs who purport to state several causes of actions – which are individual to each of them based on different factual allegations. On one hand, the judgment grants an exception of prescription as to Ms. McLellan's claims, but on the other hand it grants an exception of no cause of action as to all Defendants except Mr. Lange. It is unclear whether the trial court found Ms. McLellan stated any cause of action in the petition, what and whose cause of action remains against Mr. Lange, and whether any claims or parties were unconditionally dismissed.

*DECREE*

For these reasons, we do not find that the judgment before us is a valid and final judgment; thus, we find we lack appellate jurisdiction to consider the merits

of Appellants' appeal.  Accordingly, we dismiss this appeal without prejudice and remand for further proceedings.  Once a final appealable judgment is rendered, the parties may file a new appeal with this Court.

<strong><u>APPEAL DISMISSED;<br>REMANDED</u></strong>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 18, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
**MARY E. LEGNON**
INTERIM CLERK OF COURT

## 19-CA-169

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
GUICE A. GIAMBRONE, III (APPELLEE)      JACOB K. BEST (APPELLEE)      NICHOLAS A. HOLTON (APPELLANT)

### MAILED
NO ATTORNEYS WERE MAILED