131 BEVERLY KNOLL, LLC

VERSUS

CLIPPER CONSTRUCTION, LLC AND
JOSEPH S. TUFARO

NO. 21-CA-504

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 74,367, DIVISION "A"
HONORABLE VERCELL FIFFIE, JUDGE PRESIDING

February 09, 2022

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and John J. Molaison, Jr.

**APPEAL DISMISSED; REMANDED**
    **SJW**
    **SMC**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
131 BEVERLY KNOLL, LLC
     Clarence F. Favret, III
     James C. Cronvich
     Jordan T. Leblanc

COUNSEL FOR DEFENDANT/APPELLEE,
JOSEPH S. TUFARO
     E. John Litchfield
     Michael J. Marsiglia

**WINDHORST, J.**

Appellant/plaintiff, 131 Beverly Knoll, LLC, appeals the trial court's April 26, 2021 judgment denying its Motion for Charging Order. For the following reasons, we find the trial court's April 26, 2021 judgment is not a final appealable judgment and dismiss plaintiff's appeal due to lack of appellate jurisdiction.

**PROCEDURAL HISTORY and FACTS**

On May 22, 2017, the trial court in the 24th Judicial District Court rendered a default judgment in favor of appellant and against Clipper Construction, LLC and appellee, Joseph S. Tufaro. On appeal, that judgment was affirmed by this court on May 15, 2019. Appellant filed a petition to make the judgment executory in St. John the Baptist Parish, which was granted on September 13, 2019. An unresolved action for nullity remains pending since April 30, 2018 in the 24th Judicial District Court, which denied a stay of the judgment's execution.

Appellant subsequently filed its Motion for Charging Order pursuant to La. R.S. 12:1331 seeking to enforce the executory judgment against Gold Star Films, LLC, a Louisiana limited liability company, which appellee is a member. Appellee opposed the motion and raised an exception of *lis pendens* as grounds for denying the motion. After an evidentiary hearing, the trial court denied appellant's Motion for Charging Order with reasons. This appeal followed.

**DISCUSSION**

Before considering the merits in any appeal, appellate courts have a duty to determine *sua sponte* whether subject matter jurisdiction exists, even when the parties do not raise the issue. Dieudonne Enterprises, Inc. v. Slade, 18-375 (La. App. 5 Cir. 12/27/18), 263 So.3d 1214, 1217; Lynch-Ballard v. Lammico Ins. Agency, Inc., 13-475 (La. App. 5 Cir. 11/19/13), 131 So.3d 908, 910; Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc., 10-477 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 910. This court cannot determine the merits of an appeal unless our appellate

jurisdiction is properly invoked by a valid final judgment. La. C.C.P. art. 2083; Powell v. Gramercy Ins. Co., 12-564 (La. App. 5 Cir. 03/13/13), 113 So.3d 343, 345; Input/Output Marine Sys., 52 So.3d at 915.

Only final judgments, and interlocutory judgments when expressly provided by law, are appealable. La. C.C.P. art. 2083. A judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. Id.; Bank of New York v. Holden, 15-466 (La. App. 5 Cir. 12/23/15), 182 So.3d 1206, 1208.

The remedy sought in the case is provided in La. R.S. 12:1331:

> §1331. Rights of judgment creditor
>
> On application to a court of competent jurisdiction by any judgment creditor of a member, ***the court may*** charge the membership interest of the member with payment of the unsatisfied amount of judgment with interest. To the extent so charged, the judgment creditor shall have only the rights of an assignee of the membership interest. This Chapter shall not deprive any member of the benefit of any exemption laws applicable to his membership interest. [Emphasis added.]

Exercising the discretion afforded by this statute, the trial court denied the relief sought by appellant as premature, and chose to wait for resolution of appellee's nullity action pending in the 24th Judicial District Court against appellant, the judgment creditor.

It is clear that the trial court has not given a final judgment granting or denying the relief for which appellant prays. Because the judgment did not determine the merits of the case in whole or in part, it is not a final appealable judgment under La. C.C.P. art. 2083. Further, the judgment does not fall under any of the specific instances provided in La. C.C.P. art. 1915 A, which would automatically make it a final appealable judgment. Lastly, the judgment does not qualify as a partial final judgment under La. C.C.P. art. 1915 B(1) because the issue in dispute is not yet fully resolved. It therefore cannot be designated by the trial

court as a final judgment after an express determination that there is no just reason for delay.[1]  For these reasons, this court lacks appellate jurisdiction over this matter.

In so ruling, we make no pronouncement or inference regarding the trial court's ruling.

**DECREE**

Accordingly, we find that the trial court's April 26, 2021 judgment is not a final appealable judgment, and we dismiss plaintiff's appeal without prejudice due to lack of appellate jurisdiction.  This case is remanded to the trial court for further proceedings.

<u>**APPEAL DISMISSED; REMANDED**</u>

---

[1] We also note that the April 26, 2021 judgment lacks the requisite decretal language to be a valid final judgment. <u>Dieudonne Enterprises, Inc. v. Slade</u>, 18-375 (La. App. 5 Cir. 12/27/18), 263 So.3d 1214, 1217; <u>Input/Output Marine Sys.</u>, *supra*.  However, considering the reasons above, we find no reason to remand the judgment to the trial court to amend because La. C.C.P. art. 1918 A is inapplicable to this judgment.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 9, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-504

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE VERCELL FIFFIE (DISTRICT JUDGE)
VERCELL FIFFIE (APPELLANT)      JAMES C. CRONVICH (APPELLANT)         JORDAN T. LEBLANC (APPELLANT)
E. JOHN LITCHFIELD (APPELLEE)   MICHAEL J. MARSIGLIA (APPELLEE)

**MAILED**
JARRED P. BRADLEY (APPELLEE)          CLARENCE F. FAVRET, III (APPELLANT)
ATTORNEY AT LAW                        ATTORNEY AT LAW
3421 NORTH CAUSEWAY BOULEVARD          650 POYDRAS STREET
SUITE 105                              SUITE 2300
METAIRIE, LA 70002                     NEW ORLEANS, LA 70130