# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 17-839


CEDRICK LANDRY, INDIVIDUALLY
AND ON BEHALF OF THE MINOR
CHILD, CEDRICK SENGAL


VERSUS


BRITTANY USIE, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 81374
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


JOHN D. SAUNDERS

JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Marc T. Amy, and Candyce G. Perret, Judges.


APPEAL DISMISSED WITHOUT PREJUDICE.
REMANDED FOR FURTHER PROCEEDINGS.


Joslyn Renee Alex
The Alex Firm
227 Rees Street
Breaux Bridge, Louisiana 70517
COUNSEL FOR PLAINTIFF/APPELLANT:
    Cedrick Landry, Individually and on Behalf of the minor child, Cedrick Sengal

F. Dominic Amato
Boyer, Hebert, Abels & Angelle, LLC
1280 Dei Estie Avenue
Denham Springs, Louisiana 70726
COUNSEL FOR DEFENDANTS/APPELLEES:
    St. Martin Parish School Board, Brittany Usie, and Lottie P. Beebe

**Sara R. Buggs**
**Neuner Pate**
**One Petroleum Center**
**1001 W. Pinhook Road, Suite 200**
**Lafayette, Louisiana 70503**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**City of Breaux Bridge**

**Trevor Davies**
**McCranie, Sistrunk, Anzelomo, Hardy,**
**McDaniel & Welch, LLC**
**909 Poydras Street, Suite 1000**
**New Orleans, Louisiana 70112**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Winn-Dixie Montgomery, LLC**

**SAUNDERS, Judge.**

This court issued a rule ordering Appellant, Cedrick Landry (Landry), Individually and on Behalf of the Minor Child, Cedrick Sengal (Sengal), to show cause, by brief only, why his appeal should not be dismissed for having been taken from a judgment lacking proper decretal language. *See State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144. We dismiss the appeal without prejudice and remand the matter to the trial court for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

Appellant filed a petition for damages naming St. Martin Parish School Board (the School Board); Brittany Usie, the school bus driver (Usie); Lottie P. BeeBe, the superintendent of St. Martin Parish School Board (BeeBe); and XYZ Insurance Company as defendants. The petition was later amended to add Winn-Dixie Montgomery, LLC (Winn-Dixie), and its insurer, and the City of Breaux Bridge (the City), and its insurer as defendants. Appellant alleged that Sengal was injured when the school bus in which he was a passenger struck a curb and ran into a pothole.

Defendants, the School Board, Usie, and Beebe, filed a motion for summary judgment alleging that they bore no liability for Sengal's injuries. On November 23, 2016, the trial court signed a judgment granting the motion for summary judgment. It was noted in that judgment that summary judgment was rendered on November 7, 2016, in open court. The signed judgment stated:

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**
> that the Motion for Summary Judgment filed on behalf of ST. MARTIN PARISH SCHOOL BOARD, BRITTANY USIE AND LOTTIE P. BEEBE, is hereby GRANTED at Plaintiff's costs[.]

However, the judgment did not dismiss any or all of Appellant's claims against the School Board, Usie, and Beebe.

Appellant filed a notice of appeal of that judgment on January 3, 2017, and an order of appeal was signed. There is no date of signing on the order of appeal. The court issued a notice of appeal on January 13, 2017.

On November 17, 2016, prior to the filing of the notice of appeal, Appellant filed a "motion to set aside summary judgment and reconsider motion for summary judgment." A hearing on that motion was held on March 24, 2017, and the trial court denied the motion. A judgment reflecting that ruling was signed on June 12, 2017, and stated:

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**
> that the Motion for Rehearing on the Motion for Summary Judgment filed on behalf of ST. MARTIN PARISH SCHOOL BOARD, BRITTANY USIE AND LOTTIE P. BEEBE, is hereby DENIED at Plaintiff's costs[.]

Again, the judgment made no determination as to what claims were dismissed by the granting of the summary judgment in favor of the School Board, Usie, and Beebe.

On July 10, 2017, Appellant filed a notice of appeal with respect to that judgment. An order of appeal was signed, but it was undated. When the record was lodged in this court, a rule was issued ordering Appellant to show cause why its appeal should not be dismissed for the above-stated reason.

## DISCUSSION

The rule to show cause order indicated that Appellant was to show cause, if there was any, why the appeal should not be dismissed as having been taken from a judgment lacking decretal language. It must be noted that the motion for rehearing is treated like a motion for a new trial. *See Bridgewater v. New Orleans Regional Transit Authority*, 15-922 (La.App. 4 Cir. 3/9/16), 190 So.3d 408, *writ denied*, 16-

2

632 (La. 5/20/16), 191 So.3d 1071. "As a general rule, when the motion for appeal refers to a specific judgment denying a motion for new trial, yet the appellant exhibits a clear intention to appeal instead the underlying judgment on the merits, then the appeal should be considered." *State v. Hampton*, 50,118, p. 8 (La.App. 2 Cir. 10/7/15), 181 So.3d 175, 180 (citations omitted), *writ denied*, 15-2055 (La. 1/8/16), 184 So.3d 695. In this instance, both judgments lack decretal language.

"A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *Thomas v. Lafayette Parish Sch. Sys.*, 13-91, p. 2 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055, 1056 (quoting *White*, 921 So.2d at 1146).

In *Board of Supervisors of Louisiana State University & Agricultural & Mechanical College v. Mid City Holdings, L.L.C.*, 14-506, pp. 2-3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910, the court stated:

> We cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. *See Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc.*, 10-477, p. 12 (La.App. 5 Cir. 10/29/10); 52 So.3d 909, 915. "A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled." La. C.C.P. art. 1841. "A valid judgment must be precise, definite and certain. . . . The decree alone indicates the decision. . . . The result decreed must be spelled out in lucid, unmistakable language. . . . . The quality of definiteness is essential to a proper judgment. *Input/Output Marine*, 10-477, pp. 12-13; 52 So.3d at 915-16 (citations omitted).
>
> . . . "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Input/Output Marine*, 10-477, p. 13; 52 So.3d at 916.

The first judgment in this case clearly grants the motion for summary judgment filed by the School Board, Usie, and Beebe; however, it does not state whether any or all of the claims of Appellant asserted against these three

3

defendants are dismissed.  This judgment "does not contain all of the necessary decretal language to meet the requirements of a final judgment." *Dietz v. Dietz*, 13-186, p. 8 (La.App. 3 Cir. 11/6/13), 128 So.3d 1215, 1220.

Appellant concedes that the second judgment, which denies the motion for rehearing, "does not adequately reflect whether the judgment is dispositive of all issues regarding these parties."  Therefore, we find that this judgment does not save the appeal since there is still no judgment that decrees "the specific relief granted." *Board of Supervisors*, 151 So.3d at 910

Accordingly, the appeal must be dismissed.  When a final judgment on the motion for summary judgment is rendered with the proper decretal language, Appellant may file a new appeal with this court.  *See Smith v. State, Dep't of Transp. & Dev.*, 15-962 (La.App. 4 Cir. 2/17/16), 186 So.3d 1180.

## DECREE

For all the reasons given, this court lacks jurisdiction to consider the merits of the appeal because it was taken from two judgments that both lack proper decretal language.  Accordingly this appeal is dismissed without prejudice, and the matter is remanded to the trial court for further proceedings in accordance with this opinion.

**APPEAL DISMISSED WITHOUT PREJUDICE.  REMANDED FOR FURTHER PROCEEDINGS.**

4