NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-385

SUCCESSION OF

LAWRENCE HEYD

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 53138
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

MARC T. AMY

JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and Candyce G. Perret, Judges.

APPEAL DISMISSED WITHOUT PREJUDICE.
REMANDED WITH INSTRUCTIONS.

Russell J. Stutes, Jr.
Stutes & Lavergne
600 Broad Street
Lake Charles, LA  70601
(337) 433-0022
Counsel for Appellee:
    Roy Brant Young (Independent Executor of the Succession
    Of Lawrence Heyd, Sr.)

**Kenneth Michael Wright**
**Attorney at Law**
**203 West Clarence Street**
**Lake Charles, LA  70601**
**(337) 439-6930**
**Counsel for Appellant:**
      **Lawrence Heyd, Jr.**

**AMY, Judge.**

This court issued a rule ordering Appellant, Lawrence "Tee" Heyd, Jr. (Tee), to show cause, by brief only, why his appeal should not be dismissed for having been taken from a judgment lacking proper decretal language. *See Input/Output Marine Sys., Inc. v. Wilson Greatbatch Techs., Inc.*, 10-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909. For the reasons that follow, we dismiss the devolutive appeal.

## FACTS AND PROCEDURAL HISTORY

The decedent, Lawrence "Pic" Heyd, Sr. (Pic), signed a last will and testament on February 18, 2008, purporting to "intentionally" disinherit his children. Pic appointed Roy Brant Young (Young) as the executor. Pic died on May 30, 2013. After Young was officially appointed as executor, he obtained an order executing the testament. Tee then filed a motion to revoke Young's appointment and to have the testament declared invalid based on his assertion that because Tee was physically and mentally disabled, he could not be disinherited. This motion was later withdrawn. Tee then filed a separate rule to invalidate the testament and a restated and amending petition in which he sought to have Young post a bond and to have the court find that Tee was entitled to receive and reduce any donations necessary to transfer his forced portion of the estate to Tee.

A bench trial was held on September 20 and 21, 2017. On February 15, 2018, the trial court issued a judgment which set forth the facts and reasons for ruling and concluded with the following language:

> **THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that Plaintiff, Lawrence Heyd, Jr.[,] is not a forced heir.

> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff, Lawrence Heyd, Jr.[,] was properly disinherited by his Father, Lawrence Heyd, Sr.

On April 4, 2018, Tee filed a motion for devolutive appeal. The order of appeal was signed the same day. In due course, the record was lodged in this court. When the record was lodged in this court, a rule was issued ordering Tee, the Appellant, to show cause why the appeal should not be dismissed for the above-stated reason. Tee timely filed his brief in response to the rule and generally agreed that the February 15, 2018 judgment lacks proper decretal language.

## DISCUSSION

We cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. *See Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc.*, 10-477, p. 12 (La.App. 5 Cir. 10/29/10); 52 So.3d 909, 915. "A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled." La. C.C.P. art. 1841. "A valid judgment must be precise, definite and certain.... The decree alone indicates the decision.... The result decreed must be spelled out in lucid, unmistakable language..... The quality of definiteness is essential to a proper judgment." *Input/Output Marine*, 10-477, pp. 12-13; 52 So.3d at 915-16 (citations omitted).

… "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Input/Output Marine*, 10-477, p. 13; 52 So.3d at 916.

*Landry v. Usie*, 17-839, p. 3 (La.App. 3 Cir. 10/18/17), 229 So.3d 1012, 1014, *quoting Bd. of Supervisors of La. State Univ. & Agric. & Mech. College v. Mid City Holdings, LLC.*, 14-506, pp. 2-3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910.

"A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment." La.Code Civ.P. art. 1918. This court, in *Taylor v. Cajun Constructors, Inc.*, 18-237, pp. 2-3 (La.App. 3 Cir. 5/2/18), ___ So.3d ___, ___, quoted *Barlow v. Barlow*, 13-1092, p. 3 (La.App. 3 Cir. 10/23/13), 161 So.3d 24, 27 (citation omitted), as follows: "the trial court's disregard of

La.Code Civ.P. art. 1918 does not automatically nullify a judgment, and the article should not be applied mechanically. As long as the instrument contains the essentials of a judgment, it should be regarded as a valid judgment."

In this instance, the document is entitled "judgment," but it sets forth the factual findings of the court. While the judgment declares that Tee is not a forced heir and that he was properly disinherited by Pic, it does not make a definitive ruling on the relief sought by Tee. There is no way to ascertain what relief was granted or denied. *See Input/Output Marine*, 52 So.3d 909.

In his brief to this court, Tee notes that this judgment "appears" to lack proper decretal language because it "does not state the name of the 'party in favor of whom the ruling is ordered and the party against whom the ruling is ordered.'" Tee asks this court to dismiss this devolutive appeal without prejudice and remand the matter to the trial court for entry of a judgment containing proper decretal language.

### DECREE

For all the reasons given herein, this court lacks jurisdiction to consider the merits of Tee's appeal because it is taken from a judgment that lacks proper decretal language. We dismiss this appeal without prejudice and remand the matter to the trial court for the signing of a judgment with proper decretal language. The trial court is instructed that a judgment shall be rendered within thirty days of the issuance of this opinion, i.e., July 27, 2018. Pursuant to *Simple Enterprises, Inc. v. Texas Property, LLC*, 17-222, p. 1 (La.App. 3 Cir. 11/2/17) (an unpublished opinion), this record will "remain lodged in this court[,] and the final judgment on remand may be added to supplement this record," if done within forty-five days of this opinion, i.e., August 10, 2018.

**APPEAL DISMISSED WITHOUT PREJUDICE. REMANDED WITH INSTRUCTIONS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.