NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-601

SUCCESION OF HAZEL R. SAVOIE
AND RICHARD MICHAEL SAVOIE

VERSUS

JOHN R. CARMOUCHE, INDIVIDUALLY,
AND TALBOT, CARMOUCHE & MARCELLO,
A PROFESSIONAL LAW CORPORATION,
AND CHAD E. MUDD, INDIVIDUALLY,
AND MUDD & BRUCHHAUS, L.L.C.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2017-4633, DIV. G
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy H. Ezell, and Candyce G. Perret, Judges.

APPEAL DISMISSED WITHOUT PREJUDICE.
REMANDED WITH INSTRUCTIONS.

Lawrence N. Curtis
LAWRENCE N. CURTIS, LTD.
(A Professional Law Corporation)
300 Rue Beauregard, Bldg. C
Post Office Box 80247
Lafayette, Louisiana 70598-0247
Counsel for Plaintiffs/Appellants:
      Succession of Hazel R. Savoie and Richard Michael Savoie

**Stephen C. Dwight**
**Jamie Gary**
**DWIGHT & GARY, L.L.C.**
**1400 Ryan Street**
**Lake Charles, Louisiana  70601**
**Counsel for Defendants/Appellees:**
      **John R. Carmouche, Individually, and Talbot Carmouche & Marcello, A**
      **Professional Law Corporation, and Chad E. Mudd, Individually, and Mudd &**
      **Bruchhaus, L.L.C**

**Hunter W. Lundy**
**T. Houston Middleton**
**LUNDY, LUNDY, SOILEAU & SOUTH**
**Post Office Box 3010**
**Lake Charles, Louisiana  70602**
**Counsel for Defendants/Appellees**
      **Chad E. Mudd, Individually, and Mudd & Bruchhaus, L.L.C.**

**Victor L. Carmouche**
**Caroline H. Martin**
**TALBOT, CARMOUCHE & MARCELLO**
**17405 Perkins Road,**
**Baton Rouge, Louisiana  70810**
**Counsel for Defendants/Appellees:**
      **John R. Carmouche, Individually, and Talbot Carmouche & Marcello, A**
      **Professional Law Corporation, and Chad E. Mudd, Individually, and Mudd &**
      **Bruchhaus, L.L.C.**

**PICKETT, Judge.**

This court issued a rule ordering Appellants, the Succession of Hazel Savoie and Richard Michael Savoie, to show cause, by brief only, why their appeal should not be dismissed for having been taken from a judgment lacking proper decretal language. *See Input/Output Marine Systems, Inc. v. Wilson Greatbatch Technologies, Inc.*, 10-477 (La.App. 5 Cir. 10/29/10). We dismiss the devolutive appeal for the following reasons; however, the matter will be remanded to the trial court with instructions that, within thirty days of the issuance of this opinion, the trial court sign a judgment containing proper decretal language. *See Gonzalez v. Jimmerson*, 17-972 (La.App. 3 Cir. 12/6/17), ___ So.3d ___. According to *Simple Enterprises, Inc. v. Texas Property, L.L.C.*, 17-222, p. 1, (La.App. 3 Cir. 11/2/17), (an unpublished opinion), this record will "remain lodged in this court and the final judgment on remand may be added to supplement this record," if accomplished within thirty days of this court's ruling.

## FACTS AND PROCEDURAL HISTORY

John H. Carmouche, of the firm Talbot, Carmouche & Marcello, a Professional Law Corporation, and Chad E. Mudd, of the firm, Mudd & Bruchhaus, L.L.C., represented Hazel R. Savoie and Richard Michael Savoie in a legacy lawsuit seeking to recover damages for harm done to their property in Cameron Parish. Mr. Carmouche and Mr. Mudd were successful in obtaining a multi-million dollar recovery for the plaintiffs.

On November 7, 2017, the Succession of Hazel R. Savoie and Richard Michael Savoie filed a "Petition for Refund of Amounts Due" against Mr. Carmouche and his firm and against Mr. Mudd and his firm, alleging that the defendants wrongfully withheld statutory attorneys' fees and certain litigation costs. The defendants filed exceptions of prescription and/or peremption, asserting

that the plaintiffs' claims were legal malpractice claims that had not been brought within the one-year liberative prescriptive period or the three-year peremptive period.

On May 22, 2018, the trial court signed a judgment sustaining the exceptions of prescription and/or peremption. The judgment does not state whether any or all of the plaintiffs' claims are dismissed.

The plaintiffs filed a petition for devolutive appeal, and the order of appeal was signed on May 30, 2018. When the record was lodged in this court, a rule was issued ordering the plaintiffs to show cause why the appeal should not be dismissed for the above-stated reason. The plaintiffs timely filed their brief in response to the rule and argued that the judgment "does indeed contain the proper decretal language" because it specifically identifies the parties and the relief sought by the defendants in the District Court, and because it clearly states that the defendants' exceptions of prescription and/or peremption were sustained. In the alternative, the plaintiffs ask that this court direct the district court to enter a valid final judgment.

## DISCUSSION

In *Landry v. Usie*, 17-839, p. 3 (La.App. 3 Cir. 10/18/17), 229 So.3d 1012, 1014, this court quoted *Board of Supervisors of Louisiana State University & Agricultural & Mechanical College v. Mid City Holdings, L.L.C.*, 14-506, p. 3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910 (citation omitted), with approval as follows: "We cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment." Furthermore, "A valid judgment must be precise, definite and certain," which means that it has to include decretal language, name the parties in whose favor the ruling is made and against whom the ruling is made, and state what relief is granted or denied. *Input/Output Marine*, 52

So.3d at 915 (citation omitted). "The result decreed must be spelled out in lucid, unmistakable language." *Id*. at 916 (citation omitted). "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Id*. (citation omitted).

The trial court's judgment indicates that the matter came for hearing on the exceptions of prescription and/or peremption filed by all defendants and that the exceptions are sustained. The judgment, however, does not dispose of or dismiss the plaintiffs' claims. It does not spell out any result. Therefore, it lacks the appropriate decretal language. *See Gonzalez*, ___ So.3d ___.[1]

## **DECREE**

For all the reasons given herein, this court lacks jurisdiction to consider the merits of the plaintiffs' appeal because it is taken from a judgment that lacks proper decretal language. We dismiss this appeal without prejudice and remand the matter to the trial court for the signing of a judgment containing proper decretal language. The trial court is instructed that a judgment shall be rendered within thirty days of the issuance of this opinion, i.e., October 5, 2018. According to *Simple Enterprises, Inc.*, 17-222, p. 1 (an unpublished opinion), this record will "remain lodged in this court[,] and the final judgment on remand may be added to supplement this record," if accomplished within thirty days of this court's ruling.

**APPEAL DISMISSED WITHOUT PREJUDICE.**
**REMANDED WITH INSTRUCTIONS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.

---

[1] In *Gonzalez*, ___ So.3d at ___, the judgment stated: "**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants' *Peremptory Exception of Prescription* is sustained." Costs were assessed to plaintiff. This court found that the judgment lacked proper decretal language "because it [did] not state whether any or all of the claims of [plaintiff] are dismissed." *Id*. at ___.