## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-40


**CEDRICK LANDRY, ET AL.**

**VERSUS**

**BRITTANY USIE, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 81374
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## D. KENT SAVOIE
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, Shannon J. Gremillion, D. Kent Savoie, and Candyce G. Perret, Judges.


**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**


Pickett, J., dissents and assigns written reasons.

Gremillion, J., dissents for the reasons assigned by Judge Pickett.

**Joslyn Renee Alex**
**The Alex Law Firm**
**P. O. Box 126**
**Breaux Bridge, LA 70517**
**(337) 332-1180**
**COUNSEL FOR PLAINTIFFS-APPELLANTS:**
**Cedrick Landry**
**Cedrick Landry, o/b/o Cedrick Sengal**

**Mark D. Boyer**
**F. Dominic Amato**
**Boyer, Hebert, Abels & Angelle, LLC**
**1280 Del Este Avenue**
**Denham Springs, LA 70726**
**(225) 664-4335**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
**St. Martin Parish School Board**
**Brittany Usie**
**Lottie P. Beebe**

**SAVOIE, Judge.**

Cedrick Landry, individually and on behalf of his son, Cedrick Senegal,[1] appeals a summary judgment rendered in favor of St. Martin Parish School Board and its superintendent, Dr. Lottie Beebe, as well as Brittany Usie, and dismissing his claims against them. For the following reasons, we affirm in part, reverse in part, and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of damages Mr. Senegal allegedly sustained while riding a school bus on April 30, 2013. The bus was driven by Ms. Usie. According to Plaintiffs' petition, Ms. Usie struck a curb and drove the bus into a pothole, which caused Mr. Senegal to be propelled into the air and injured. The incident occurred as the bus was exiting a parking lot of a Winn-Dixie.

On April 24, 2014, Plaintiffs filed a Petition for Damages naming as Defendants St. Martin Parish School Board and its superintendent, Dr. Lottie Beebe, as well as Ms. Usie, and "XYZ Insurance Company".[2] Plaintiffs' petition asserted claims against Ms. Usie arising out of her alleged negligence in driving and operating the school bus, as well as claims against St. Martin Parish School Board and "XYZ Insurance company" alleging that they had in effect a liability policy that provided coverage for Ms. Usie's negligence. In addition, Plaintiffs asserted claims

---

[1] Cedrick Senegal, born in December 1996, has reached the age of majority since this suit was filed on April 21, 2014. His name is spelled in different ways (Sengal, Senegal, Singal) throughout the pleadings filed in this case. For consistency, throughout this opinion we will use the spelling used in Mr. Senegal's deposition. Mr. Senegal and Mr. Landry are collectively referred to herein as "Plaintiffs."

[2] Plaintiffs later sought, and were granted, leave to file a supplemental and amending petition, wherein they added Winn-Dixie Stores, Inc. and its insurer, as well as the City of Breaux Bridge, Jack Delhomme as Mayor of Breaux Bridge, and their insurer as additional defendants. The claims against these defendants are not raised as part of this appeal. The supplemental petition also alleged additional negligent acts on the part of Ms. Usie in the operation of the bus.

against St. Martin Parish School Board and Dr. Beebe arising out of their alleged negligence in hiring and/or supervising Ms. Usie.

On February 12, 2016, St. Martin Parish School Board, Dr. Beebe, and Ms. Usie (collectively referred to herein as "Defendants") filed a Motion for Summary Judgment seeking the dismissal of Plaintiffs' claims against them and stating, "the evidence shows that there are no genuine issues of material fact regarding the Defendants' liability for damages sustained by the Plaintiffs." In their supporting memorandum, Defendants argued that there was no evidence to support a finding that Ms. Usie failed to maintain or operate the school bus in a safe and proper manner. Defendants also argued that there was no evidence to support a finding of negligent hiring or negligent supervision on the part of St. Martin Parish School Board and/or Dr. Beebe. In support of their motion for summary judgment, Defendants attached excerpts from Ms. Usie's deposition, as well as excerpts from Mr. Senegal's deposition.

A hearing on Defendants' motion for summary judgment was held November 7, 2016. Plaintiffs did not file an opposition to the motion, and neither Plaintiffs' counsel, nor Plaintiffs, were present for the hearing. The trial court's minutes pertaining to the summary judgment hearing reflect:

> [Defendants' counsel] Ms. Haynes stated she has not received an opposition. The court stated he has not received a summary judgment either. Ms. Hanes [sic] assumed this matter is unopposed.

> The court granted the summary judgment due to no opposing counsels are present and it is past 10:00 a.m.

On November 23, 2016, the trial court rendered judgment ordering "that the Summary Judgment filed on behalf of ST. MARTIN PARISH SCHOOL BOARD,

2

BRITTANY USIE AND LOTTIE P. BEEBE, is hereby GRANTED at Plaintiff's costs."

Plaintiffs thereafter filed a motion seeking to set aside the summary judgment, and a hearing was held on March 24, 2017. Plaintiffs' counsel argued that she did not attend the hearing on Defendants' motion for summary judgment because an inspection of the bus had been scheduled for a date after the scheduled hearing date, and, therefore, she assumed that the scheduled hearing would not be held. Ultimately, the trial court signed a judgment denying Plaintiffs' motion to set aside the judgment on June 12, 2017. Plaintiffs appealed.

On October 18, 2017, this court dismissed Plaintiffs' appeal for lack of jurisdiction because neither the November 7, 2016 judgment nor the June 12, 2017 judgment contained appropriate decretal language, and it remanded the case to the trial court for further proceedings. *Landry v. Usie*, 17-839 (La.App. 3 Cir. 10/18/17), 229 So.3d 1012.

On remand, Plaintiffs filed a "Motion in Opposition to the Judgment and Motion to Reset Motion for Summary Judgment," wherein they argued the written judgment "attempts to expand the stated judgment to include individuals, parties, and issues not granted in the initial order." A hearing on the motion was scheduled for February 15, 2018.

Meanwhile, on January 3, 2018, the trial court signed a judgment granting Defendants' February 2016 motion for summary judgment and dismissing with prejudice Plaintiffs' claims against St. Martin Parish School Board, Ms. Usie, and Dr. Beebe.

On February 6, 2016, Plaintiffs filed an "Answer to Motion for Summary Judgment" and a "Memorandum in Support of the Motion in Opposition of the

3

Motion for Summary Judgment" alleging genuine issues of material fact precluded summary judgment dismissal of Plaintiffs' claims.

The matter was heard as scheduled on February 15, 2018. At this time, Plaintiffs' counsel objected to the scope of the summary judgment, arguing that it dismissed claims that were not at issue. The trial court noted counsel's objection, but denied Plaintiffs' motion. The trial court signed a judgment on March 8, 2018, denying Plaintiffs' "Motion in Opposition [to] the Judgment and Motion to Reset Motion for Summary Judgment[.]"

Thereafter, Plaintiffs filed a notice of appeal of the January 3, 2018 summary judgment. On appeal, Plaintiffs present the following as issues for review: (1)"Did the trial [c]ourt err in granting of a motion for summary judgment while discovery is ongoing?" and (2) "Did the trial [c]ourt err in failing to grant [P]laintiffs' motion to reconsider based on [Plaintiffs] relying on the actions of [Defendants] to her detriment?"

## ANALYSIS

"An appellate court reviews a motion for summary judgment de novo, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Ortiz v. MeadWestvaco Corp.*, 18-869, p. 8 (La.App. 3 Cir. 6/5/19), 274 So.3d 158, 165.

> Even in the absence of a formal opposition, the moving party must show that it is entitled to summary judgment. If a plaintiff whose opponent fails to file an answer must prove the basic elements of his case before he can be awarded a judgment by default, then it is reasonable to require that an unopposed motion for summary judgment must be at least adequate and correct on its face. . . .
>
> . . . .
>
> The review of a motion for summary judgment entails a two step analysis. First, the moving party has the

4

> initial burden to affirmatively prove the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. Any doubt must be resolved against summary judgment and in favor of a trial on the merits. *Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Company*, 427 So.2d 1152 (L[a].1983); *Morcos v. EMS, Inc.*, 570 So.2d 69 (La.App. 4 Cir. 1990).
>
> Secondly, if the moving party provides sufficient evidence to support the motion, the burden shifts to the opposing party to produce evidence proving that genuine issues of material fact are still present. *Cooper v. Ceco*, 558 So.2d 1355 (La.App. 4 Cir. 1990).

*Poydras Square Assocs. v. Suzette's Artique, Inc.*, 614 So.2d 131, 132, (La.App. 4 Cir.1993)(quoting *White v. Mossy Oldsmobile, Inc.*, 606 So.2d 33, 34 (La.App. 4 Cir. 1992)).

We first note that Defendants, as the movers for summary judgment, have the initial burden of proving that they are entitled to summary judgment as a matter of law. As stated by La.Code Civ.P. art. 966(D)(1) with respect to motions for summary judgment:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

Therefore, in connection with our de novo review of the judgment at issue, we feel compelled to first determine whether the Defendants satisfied their initial burden of establishing their entitlement to summary judgment dismissal, regardless of Plaintiffs' failure to submit an opposition to the Defendants' motion for summary judgment prior to the trial court's consideration. Only if Defendants satisfied their

initial burden does the burden shift to Plaintiffs to show that genuine issues of material fact exist or that Defendants are otherwise not entitled to summary judgment. If Defendants failed to satisfy their initial burden, then the burden never shifted to Plaintiffs to produce evidence in opposition to Defendants' motion, and Plaintiffs' failure to submit any such evidence is irrelevant to the analysis.

Further, even though Plaintiffs present only limited issues regarding the need for additional discovery for us to review on appeal, we are not obligated to limit our review to those issues under the circumstances. Louisiana Code of Civil Procedure Article 2164 states, "The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." Further, Uniform Rules, Courts of Appeal, Rule 1-3 states:

> The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.

In the instant case, Plaintiffs appealed the summary judgment rendered against them. The judgment itself is what is paramount in determining our review. It does not speak of a continuance or an opportunity for discovery. Rather, the judgment grants Defendants' motion for summary judgment and dismisses Plaintiffs' claims against them. Given that the summary judgment itself is properly before us in connection with Plaintiffs' appeal, as well as the necessity of Defendants' initial showing of their entitlement to summary judgment and the de novo standard of review applicable to summary judgments, we do not feel constrained by the limited issues presented in Plaintiffs' appellant brief.

6

Defendants sought summary judgment dismissal of Plaintiffs' claims arguing there is no factual support for Plaintiffs' negligence claims against Ms. Usie or for Plaintiffs' negligent supervision and negligent hiring claims against St. Martin Parish School Board and Dr. Beebe. In support of their motion, Defendants submitted the deposition testimony of Ms. Usie, wherein she explained the accident at issue as follows:

We were pulling out of the Winn-Dixie parking lot . . . .

And I was making a right turn. And there was traffic coming in the lane that was near the turning lane. So I was turning to stay into the outer lane. And when I turned, when I noticed it was too late, the back tire caught - - I call it the bulkhead, but the pothole, and we all went - - and I said "Oh, guys, I'm so sorry." So we all, whoop, went to the side.

. . . .

. . . . The two mirrors that we have, we can see the side of the bus, and I could tell that the tires are going in the back, and I'm like, "Hold on, guys," and we all -- but as to recall what [the pothole] looked like, no.

. . . .

. . . . it's just that I could see [the pothole] and felt that we were all going to kind of go to the side. I never realized that it was there. I was fairly new to this bus route, so I was still kind of learning.

Defendants also submitted the deposition testimony of Mr. Senegal in support of their motion for summary judgment. Therein, Mr. Senegal stated as follows with respect to the subject accident:

Well, from what I can recall from the bus accident, we was leaving the Winn-Dixie parking lot. We was going -- we turning onto the road going right. The bus -- the back tires hit a big hole and then hit the curb, which launched me in the air, and I hit my head on back of the bus, either the back or the top, so I went go notify the bus driver. . . .

. . . .

Like -- it's like everybody knew it was there because it's like this big hole that she like would avoid it some days and -- you supposed to

go slow in these curbs, you know. But it's like to picture it, it's like she was trying to -- you know how when you trying to go in front of a car before it gets there and you're trying to hurry up? It's like she was trying to hurry up and accidentally hit that curb too hard to where it launched me in the air.

According to the deposition testimony, it is undisputed that the bus Ms. Usie was driving struck a pothole and/or the curb. However, Ms. Usie's testimony, coupled with Mr. Senegal's testimony, creates genuine issues of material fact as to whether Ms. Usie knew or should have known the pothole was there, whether she saw or should have seen the pothole before she hit it, whether she could have or should have avoided the pothole, and whether she was otherwise negligent in connection with driving or operating the school bus. Therefore, Defendants' failed to establish that summary judgment dismissal of Plaintiffs' claims arising out of Ms. Usie's alleged negligence in driving the bus was appropriate. As a result, the burden did not shift to Plaintiffs to prove the existence of genuine issues of material fact in order to preclude summary judgment. Rather, it was error for the trial court to grant summary judgment when the evidence presented by Defendants in connection with their motion created genuine issues of material fact as to Ms. Usie's negligence.

Therefore, we reverse the portion of the summary judgment dismissing Plaintiffs' claims against Ms. Usie. We further reverse the summary judgment dismissal of Plaintiffs' claims against St. Martin Parish School Board arising out of Plaintiffs' allegations that St. Martin Parish School Board provided liability insurance covering any negligence on the part of Ms. Usie, as that issue was not presented to or considered by the trial court.

However, we do find that Defendants St. Martin Parish School Board and Dr. Lottie Bebee did satisfy their initial burden under La.Code Civ.P. art. 966(D)(1) showing entitlement to summary judgment dismissal of Plaintiffs' negligent hiring

and negligent supervision claims. There are no facts in the record that support these claims. Therefore, we will consider Plaintiffs' arguments on appeal in connection with these claims.

In their first issue for review, Plaintiffs argue that the trial court did not allow enough time for discovery and, therefore, the summary judgment should be reversed. They note that an inspection of the bus at issue was scheduled on a date following the scheduled summary judgment hearing, and, therefore, Plaintiffs' counsel assumed the matter would not be heard.

We review a trial court's ruling granting or denying a continuance for time to allow additional discovery on a motion for summary judgment for abuse of discretion. *Colson v. Colfax Treating Co. LLC*, 17-912, 17-913 (La.App. 3 Cir. 4/18/18), 246 So.3d 15. Because no motion to continue was pending at the time of the summary judgment hearing, we find no abuse of discretion on the part of the trial court in going forward with the summary judgment hearing despite the pending bus inspection. While Plaintiffs cite to *Broussard v. Winters*, 13-300 (La.App. 3 Cir. 10/9/13), 123 So.3d 902, and *Jackson v. Bard Access Systems*, 42,890 (La.App. 2 Cir. 1/9/08), 974 So.2d 187, *writ denied*, 08-310 (La. 4/4/08), 978 So.2d 328, in support of their argument for reversal, we find those cases distinguishable as there is no indication that the trial court in the instant matter was aware of the pending bus inspection at the time it went forward with the summary judgment hearing.

Plaintiffs also argue on appeal that Plaintiffs' counsel relied, to her detriment, on a promise by Defendants to continue the summary judgment hearing because of the pending bus inspection. They cite to La.Civ.Code art. 1967, which states "A party may be obligated by a promise when he knew or should have known that the

promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying."

> The doctrine of detrimental reliance is designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence. To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance. *Suire v. Lafayette City-Parish Consolidated Government*, 2004-1459 (La. 4/12/05), 907 So.2d 37, 59. Estoppels are not favored in our law; therefore, a party cannot avail himself of that doctrine if he fails to prove all essential elements of the plea. *See Wilkinson v. Wilkinson*, 323 So.2d 120, 126 (La.1975).

*Luther v. IOM Co., LLC*, 13-353, pp. 10-11 (La. 10/15/13), 130 So.3d 817, 825

Plaintiffs fail to point to any representation on the part of Defendants or Defendants' counsel upon which they relied. Rather, Plaintiffs' counsel made clear that she merely assumed that the hearing would be continued. Such an assumption was unreasonable under these circumstances. This alleged error is without merit.

Therefore, we affirm the trial court's summary judgment dismissal of Plaintiffs' claims against the St. Martin Parish School Board and Dr. Beebe arising out of their alleged negligent hiring and negligent supervision.

### DECREE

For the reasons set forth above, we affirm the trial court's January 3, 2018 summary judgment dismissal of Plaintiffs' claims of negligent supervision and negligent hiring asserted against Defendants St. Martin Parish School Board and Dr. Lottie Beebe. However, we reverse the summary judgment to the extent it dismisses Plaintiffs' negligence claims against Ms. Usie, as well as Plaintiffs' claims against St. Martin Parish School Board based on Plaintiffs' allegations that it provided liability insurance that afforded coverage for Ms. Usie's negligence, and we remand the matter for further proceedings. Costs of this appeal are assessed equally between

the Plaintiffs/Appellants and Defendants/Appellees St. Martin Parish School Board, Brittany Usie, and Lottie Beebe.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

CEDRICK LANDRY, ET AL.

VERSUS

BRITTANY USIE, ET AL.

**Pickett, J., dissents and assigns written reasons.**

I dissent from the majority's opinion, as I find no authority for the court to extend its review beyond the issues raised by the plaintiffs in their pleadings to this court.

The plaintiffs set forth two "Issues Presented for Review" in their appellate brief:

> Did the trial Court err in granting of a motion for summary judgment while discovery is ongoing?

> Did the trial Court err in failing to grant plaintiffs' motion to reconsider based on the plaintiffs relying on the actions of the defendant to her detriment?

The plaintiffs' arguments in brief focus on these two issues. The majority opinion addresses these two "Issues Presented for Review" in their opinion. The majority finds no merit to the plaintiffs' first assignment of error. I agree. The trial court did not abuse its discretion in failing to grant a continuance when no motion to continue was pending. The majority also finds no merit to the plaintiffs' claim of detrimental reliance. I agree that the plaintiffs' attorney unreasonably relied on her own assumption - and not on any representation of the defendants or their counsel - that the hearing on summary judgment would be continued because there was discovery scheduled, even though she did not ask for a continuance.

1

The majority, though, "do[es] not feel constrained by the limited issues presented in Plaintiffs' appellant brief." Majority opinion, p. 6. They cite Louisiana Code of Civil Procedure Article 2164 and Uniform Rules, Courts of Appeal, Rule 1-3 to conclude that it is appropriate to expand this court's authority in this case to look to the judgment from which an appeal is taken to determine the scope of our review rather than the plain text of the rule.

The majority erroneously conflates the standard of review applicable in this case with the scope of review in this appeal. Rule 1-3 of our Uniform Rules for the Courts of Appeal is entitled "Scope of Review," and it states in pertinent part that "The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise." On February 12, 2016, the School Board filed a Motion for Summary Judgment, alleging that the plaintiffs can offer no evidence to support their claims that Ms. Usie failed to operate the bus in a prudent manner or that the School Board failed to provide a safe means of transportation. No opposition to the motion for summary judgment was filed by the plaintiffs. Mr. Landry sought leave of court to file a supplemental and amending petition. The trial court allowed the amended petition to be filed. In the amended petition, Mr. Landry added defendants not relevant to this appeal and alleged additional negligent acts on the part of Ms. Usie in the operation of the bus. No opposition to the Motion for Summary Judgment, however, was filed. After a hearing on November 7, 2016, the trial court granted the motion for summary judgment. The next filing in the record related to this appeal was an Opposition to Plaintiff's Motion for Rehearing. In the response subsequently filed by the plaintiffs, Mr. Landry claims that he filed the motion to reconsider the summary judgment ruling on November 17, 2016, but it was filed later because the pauper order

2

submitted by Mr. Landry had not been signed by the trial court. The trial court heard arguments on the motion to set aside the summary judgment on March 24, 2017. Counsel for Mr. Landry argued that there was a bus inspection scheduled for a date after the November 7, 2016 fixing, so she assumed the scheduled summary judgment hearing would not be held. She admitted that no opposition to the motion for summary judgment was filed. She raised no issue, in her motion or at the hearing, as to any substantive objection to the judgment. The trial court denied the motion to set aside the judgment at the conclusion of the hearing. The trial court signed a judgment on June 12, 2017 in conformity with this ruling. The plaintiffs appealed.

This court determined that both the November 7, 2016 judgment and the June 12, 2017 judgment lacked decretal language dismissing any claims or defendants from the case, and this court lacked jurisdiction to hear the case. We remanded the case for further proceedings. *Landry v. Usie*, 17-839 (La.App. 3 Cir. 10/18/17), 229 So.3d 1012. On remand, the School Board submitted a judgment to the trial court which included language granting its motion for summary judgment and dismissing with prejudice the claims of the plaintiffs against St. Martin Parish School Board, Ms. Usie, and Dr. Beebe. The plaintiffs filed an opposition to the judgment on the basis that the proposed judgment dismissed certain claims or parties. The trial court granted a hearing on the opposition, but also signed the judgment submitted by the School Board on January 3, 2018. Prior to the hearing on February 15, the plaintiffs filed an Answer to Motion for Summary Judgment on February 3, 2018, claiming the bus driver was on the phone at the time of the incident which caused her client's injuries and that there was a video of the incident in the record. This, the plaintiffs claimed for the very first time, well after the judgment had been granted, created a genuine issue of material fact, making summary judgment inappropriate. At the hearing on February 15, the trial court denied the Motion in Opposition of the

3

Judgment and Motion to Reset Motion for Summary Judgment filed on behalf of the plaintiffs. The trial court signed a judgment in conformity with that ruling on March 8, 2018.

In this case, the plaintiffs have never submitted an opposition to the motion for summary judgment, and they fail to assign as error that the summary judgment was improperly granted on the merits. The majority cites *Poydras Square Associates v. Suzette's Artique, Inc.*, 614 So.2d 131 (La.App. 4 Cir. 1993) as the standard for review of a motion for summary judgment. *Poydras* does not discuss an appellate court's scope of review. *Poydras* does not give the majority sanction to rule with neither an opposition filed below nor an assignment of error pending before this court. There is no suggestion in *Poydras* that the appellant's brief lacked the vitally necessary assignments of error. If it did, I suggest the results would have been different. Further, the *Poydras* Court required "that an unopposed motion for summary judgment must be at least adequate and correct on its face." *Id* at 132. The motion for summary judgment at issue here is "adequate and correct on its face". It is only when the majority goes far beyond the "face" of this motion and provides the plaintiff with an additional issue the plaintiff neither assigned as error nor asked us to review that the majority concludes the judgment should be reversed. Rule 1-3 does not allow us to do that, and neither does *Poydras*.

The plaintiffs conclude their brief with the following conclusion and prayer for relief:

> As entered, this judgment is not supported by appropriate law and jurisprudence. This judgment was entered while discovery was outstanding, discovery that was agreed to by the moving party. The plaintiffs relied on the agreement for that discovery to take place. This reliance was reasonable and however misplaced [sic].
>
> As a result of this inappropriate ruling, the plaintiffs have no choice but to ask once again that this Court remand this to district court for appropriate proceedings as may be necessary.

4

There is no suggestion, here or anywhere else in the plaintiffs' brief to this court, that the evidence presented below by the defendants creates a genuine issue of material fact, as the majority concludes. I do not find that this is a case where "the interest of justice" requires us to provide an issue for the plaintiffs that they have failed to raise on their own, either in this court or in the court below. The majority has, in fact, by exceeding its authority under the law and expanding the scope of its review, provided the appellant an appeal she never took. How can "the interest of justice" be served by blindsiding the appellee, who responded to the assignments of error actually enumerated by the appellant, but who has no notice or opportunity to respond to this additional issue the majority has provided? The majority is setting a dangerous precedent.

Finding no merit in the issues actually raised by the plaintiffs on appeal, I would go no further. The judgment of the trial court should be affirmed.